ED MULLINAX FORD, INC., Appellee,

v.

LENART, Appellant.

[Cite as *Ed Mullinax Ford, Inc. v. Lenart* (1997), 121 Ohio App.3d 651.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 96CA006540.

Decided July 23, 1997.

*Charles M. Hyman,* for appellee.

*Arthur J. Tassi,* for appellant.

QUILLIN, Judge.

On November 9, 1995, plaintiff-appellee, Ed Mullinax Ford, Inc., filed a complaint against defendant-appellant, Gordon Lenart, alleging fraud. A bench trial was held before the Oberlin Municipal Court on March 21, 1996, and on August 7, 1996, judgment was rendered in favor of appellee. We affirm.

## I

The facts giving rise to appellee's fraud claim are as follows: on August 31, 1995, appellant purchased a new 1995 Ford Contour automobile from appellee. As part of the purchase agreement, appellant traded in a 1994 Mazda 626 LX automobile for $11,800.

Because there was an outstanding loan on the Mazda, with a balance of approximately $11,600. through Century Federal Credit Union ("Century Federal"), appellant did not possess the title to the Mazda at the time of sale. Thus, appellee did not see the title to the Mazda until after appellee had already accepted the Mazda in trade and paid off the balance of the loan. Upon receiving the Mazda's title from Century Federal, appellee discovered that the title indicated "rebuilt salvage." An automobile is designated "rebuilt salvage" when it is damaged to the extent that an insurance company deems it "economically impractical to repair" but is then restored R.C. 4505.11(C) and (E).

A subsequent title search on the Mazda showed that the Mazda had been purchased by Marc Conklin from RTF Auto Recycling Co. in March 1995, for $4,000. On May 5, 1995, appellant purchased the Mazda from Conklin for $8,000. Appellant stated at trial that the $8,000 price recorded on the title was false. Appellant claimed that he actually paid Conklin $11,000, and reported only $8,000 in order to avoid paying the full sales tax.

Upon discovering that the Mazda was a rebuilt salvage automobile, appellee contacted appellant in an attempt to rescind the deal and return the Mazda. Appellant refused, and appellee was forced to sell the Mazda at auction for approximately $6,960.

Appellee then brought suit against appellant to recover the difference between the trade-in allowance and the auction price of the Mazda. Appellee claimed that appellant committed fraud by failing to inform appellee that the Mazda had been damaged and was designated "rebuilt salvage." After hearing the evidence, the

municipal judge found that appellant had committed fraud, and rendered judgment in favor of appellee.

Appellant appeals the finding of fraud, asserting that it is against the manifest weight of the evidence. During oral argument, appellant agreed that he had a duty to disclose this information, but denied that he had sufficient knowledge of the damage to the Mazda and its "rebuilt salvage" status to satisfy the knowledge requirement of fraud. We hold that there was sufficient evidence to support the finding of fraud and affirm.

## II

When asked to review the weight of the evidence, a court will reverse a verdict only when it "is so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice." *Jacobs v. Benedict* (1973), 39 Ohio App.2d 141, 144, 68 O.O.2d 343, 345, 316 N.E.2d 898, 901, quoting 3 Ohio Jurisprudence 2d (1953) 817, Appellate Review, Section 819. The judgment of the trier of fact is to be disturbed only when "it clearly appears that the conclusion reached cannot be supported by any rational view of the evidence." *Id.* at 144–145, 68 O.O.2d at 345, 316 N.E.2d at 901. Thus, we cannot reverse a judgment if it is "supported by some competent, credible evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 280, 8 O.O.3d 261, 262, 376 N.E.2d 578, 579.

■ A common-law fraud claim consists of the following elements: "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Russ v. TRW, Inc.* (1991), 59 Ohio St.3d 42, 49, 570 N.E.2d 1076, 1083.

■ After appellant's admission during oral arguments that he had a duty to disclose the "rebuilt salvage" title of the Mazda, there is only one issue remaining: whether competent, credible evidence supports the municipal court's finding that appellant had knowledge of the "rebuilt salvage" title of the Mazda. We conclude that appellant's knowledge of the "rebuilt salvage" title is supported by competent, credible evidence.

It is not disputed that appellant had possession of both Conklin's title to the Mazda and his own title to the Mazda for a significant period of time prior to the deal with appellee. Both of these titles bear the inscription "REBUILT SALVAGE" in large type. Appellant alleges that he did not notice the "rebuilt

salvage" inscription on the titles and would not have known what it meant even if he had noticed it.

Also, when appellant originally purchased the Mazda from Conklin, Conklin described the work and replacement parts that had been required to make the Mazda operable. Conklin explained at trial that the entire front end had been replaced, including a portion of the uni-body frame. Although the testimony is not clear on exactly how much of this work Conklin described to appellant, appellant admitted that he knew the Mazda had required substantial repairs.

The foregoing evidence rationally supports the municipal court's conclusion that appellant knew the Mazda had a "rebuilt salvage" title. The municipal court's judgment was not against the manifest weight of the evidence. Appellant's first assignment of error is not well taken.

### III

The foregoing similarly disposes of appellant's second assignment of error alleging that the trial court should have granted appellant's motion for involuntary dismissal. Having found that both of appellant's assignments of error are without merit, we affirm.

*Judgment affirmed.*


DICKINSON, P.J., concurs.

BAIRD, J., dissents.

BAIRD, Judge, dissenting.

This is a fraud case, and the law requires that the nature of the fraud be pleaded and proved with specificity. At oral argument before this court, counsel for appellee was unable to specify whether he was relying upon a misrepresentation or a failure to disclose. Since appellant made no representation, and since appellee made no inquiry as to the status of the title, even though its own forms called for inquiry as to the status of the title, this must be, if anything, a failure-to-disclose case. While appellant's counsel did equivocate at oral argument on the question of a duty to disclose, not one shred of authority for such a proposition has emerged during the course of this case. Notwithstanding any such equivocation, in the absence of any authority, I am not willing to support the imposition of what I perceive to be a new duty upon sellers in such circumstances.

I would reverse.