DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff Rebecca L. Burskey (fka Rebecca Custer) has appealed from a judgment of the Summit County Common Pleas Court, Domestic Relations Division, that granted her a divorce from defendant B. Norman Custer and divided the couple's property. She has argued: (1) that the trial court's finding that Mr. Custer was able to trace certain premarital separate property and its valuation of Mr. Custer's vehicles were against the manifest weight of the evidence; and (2) that the trial court incorrectly failed to compensate her for Mr. Custer's financial misconduct. This Court affirms the trial court's judgment because: (1) given the evidence before the trial court, its findings were not in violation of substantial justice; and (2) the trial court did compensate Ms. Burskey for two acts of financial misconduct by Mr. Custer and no other misconduct was demonstrated on the record.[1]
 I.
The Custers were married on May 7, 1983. On January 25, 1996, Ms. Burskey filed a complaint for divorce. Because the couple had no children, the only issues at trial involved the division of property. One disputed issue involved two houses that Mr. Custer had owned prior to the marriage: a rental property on Alice Avenue in Akron, and Mr. Custer's residence, which became the marital residence, on Home Avenue in Akron. The two houses were sold during the marriage. Although Ms. Burskey did not dispute that Mr. Custer's interest in the two houses was his separate property at the time of the marriage, she argued that, after the houses were sold, the proceeds became marital property.
Section 3105.171(A)(6)(b) of the Ohio Revised Code provides that the commingling of separate property with other property does not destroy its identity as separate property "except when the separate property is not traceable." Mr. Custer presented evidence to trace some of his premarital interest in the two houses into other assets. The trial court found that he had sufficiently traced part of his premarital separate property and, consequently, awarded it to him. Ms. Burskey timely appealed to this Court.
 II. A.
Ms. Burskey has argued that the trial court's division of property was against the manifest weight of the evidence. Specifically, she has challenged: (1) the trial court's finding that Mr. Custer sufficiently traced his premarital interest in his two houses; and (2) the trial court's valuation of Mr. Custer's truck and automobile. A reviewing court cannot reverse a judgment as being against the manifest weight of the evidence unless that judgment "is so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice[.]" Royer v. Bd. ofEducation (1977), 51 Ohio App.2d 17, 20, quoting Jacobs v.Benedict (1973), 39 Ohio App.2d 141, 144.
The trial court found that, at the time the parties were married, Mr. Custer owned the Home Avenue house and the Alice Avenue house. Ms. Burskey has not disputed that Mr. Custer's premarital interest in the houses was his separate property, nor has she challenged the trial court's valuation of that interest. She has challenged only the trial court's finding that Mr. Custer traced all of his premarital interest in the Home Avenue house and $5,000 of his interest in the Alice Avenue house.
Mr. Custer presented the following evidence to support the trial court's finding. He testified that, after the Home Avenue house was sold, the proceeds were placed in escrow and used as a down payment on the couple's next marital residence on Mayfair Circle. Mr. Custer presented documentation to corroborate his testimony. The Custers owned the Mayfair Circle residence at the time of the divorce. Ms. Burskey offered no evidence to contradict Mr. Custer's testimony or documentation.
Mr. Custer was able to trace only $5,000 of his interest in the Alice Avenue house. He testified that, after the couple sold the Alice Avenue house, they put $5,000 of the proceeds into an account held by Ms. Burskey and then used the money to purchase a 1985 Cadillac, a vehicle the couple still owned at the time of the divorce. He introduced exhibits to verify these figures. Although Ms. Burskey testified that some of the Alice Avenue proceeds was used to pay various marital debts, she did not dispute that $5,000 of the proceeds was used to purchase the Cadillac. Given the evidence before the trial court, this Court cannot conclude that the trial court's finding that Mr. Custer had sufficiently traced this part of his premarital separate property was in violation of substantial justice.
Ms. Burskey has also challenged the trial court's acceptance of Mr. Custer's testimony as to the value of two of the couple's vehicles, a 1984 Ford truck and a 1966 Dodge Dart. Ms. Burskey has asserted that Mr. Custer was not competent to present evidence of their value and that his testimony was not credible. As to his competency, it was not disputed that Mr. Custer was the owner of each vehicle and that he was the one who was most familiar with them. He had made numerous repairs to each. As owner of the vehicles, he was competent to testify as to their value. SeeTokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, paragraph two of the syllabus. It was necessary only that he demonstrate to the trial court, as he did, that he was familiar with each vehicle and had sufficient knowledge of their value through experience dealing with them. See id. At 627.
Mr. Custer testified that the 1984 Ford Truck was worth approximately $400 to $500 and that the Dodge Dart was worth $800. The credibility of his testimony was challenged only by Ms. Burskey's own testimony that each vehicle had a much higher value. She testified that the truck had a book value of $3200 and that the 1966 Dodge Dart was a collectible car that Mr. Custer had told her two years earlier was worth $5500. The evidence demonstrated that the couple had purchased the 1984 Ford Truck in 1994 for $500. At that time, the title indicated that the vehicle had been driven 107,000 miles. Mr. Custer testified that, at the time of trial, the truck's mileage was approximately 120,000. Ms. Burskey admitted that her book value had not been adjusted for the vehicle's high mileage. Mr. Custer further supported his lower estimate of the vehicle's value by explaining that, at the time of the trial, it was not operable, its transmission and brakes were in need of repair, and that it had been unable to pass the state "E_" test. Mr. Custer likewise testified that the Dodge Dart was in great need of repair. Among other problems, the car had a leaky roof, a hole in the floor, and faulty brakes. It was for the trial court to determine which value estimates were more credible. See State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Its finding that each vehicle had the value that Mr. Custer had estimated was not in violation of substantial justice. Ms. Burskey's first assignment of error is overruled.
 B.
Ms. Burskey's second assignment of error is that the trial court incorrectly failed to consider Mr. Custer's financial misconduct in its division of property. Although Ms. Burskey has suggested that the trial court ignored Mr. Custer's alleged misconduct, it is apparent from the trial court's judgment that Ms. Burskey was compensated for some of Mr. Custer's conduct prior to trial. Ms. Burskey presented evidence that, at the time she filed the divorce action, Mr. Custer took furnishings from the marital residence and sold the 1966 Dodge Dart for $800. Mr. Custer also sold a tractor for $2100 while under a restraining order. Ms. Burskey offered no evidence of the value of the household furnishings that Mr. Custer allegedly took. The trial court, accordingly, added the values of $800 and $2100 to the value of the marital assets and deducted that value from Mr. Custer's share of the assets.
Although it is not entirely clear from her argument, Ms. Burskey has apparently challenged the trial court's failure to further compensate her for additional acts of misconduct by Mr. Custer. Section 3105.171(E)(3) of the Ohio Revised Code provides that, "[i]f a spouse has engaged in financial misconduct, * * * the court may compensate the offended spouse with a distributive award or with a greater award of marital property." Ms. Burskey's argument, therefore, is really two-fold. Before asserting that the trial court incorrectly failed to compensate her, she must first demonstrate, on the record, that the trial court found that Mr. Custer committed the requisite "financial misconduct" or that it incorrectly failed to make such a finding. Ms. Burskey has failed to develop this critical prong of her argument. She has not even argued, much less supported her position with citations to the legal authority or relevant parts of the record, that Mr. Custer committed the requisite "financial misconduct." See Rule 16(A)(7) of the Ohio Rules of Appellate Procedure. It is not the duty of this Court to search the record for evidence to support her argument about this alleged error. State v. McGuire (Dec. 14, 1994), Summit App. Nos. 16423/16431, unreported, at 8. As Ms. Burskey has failed to demonstrate any error on the record, her second assignment of error is overruled.
 III.
Ms. Burskey's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ CLAIR E. DICKINSON
FOR THE COURT
BAIRD, J.
SLABY, J.
CONCUR
[1] This court has consolidated and rearranged Ms. Burskey's assignments of error for ease of discussion.