Appellant-defendant Dick Silver, d.b.a. Cluster Homes, Inc., appeals from a judgment in favor of appellee-plaintiff Donald Lee, d.b.a. LR Painting. This Court affirms in part and reverses in part.
 I.
Silver is a contractor who specializes in the construction of condominiums. Lee is a painting subcontractor. Silver hired Lee to paint some of the units in a group of condominiums. The contract called for incremental payments in proportion to the progression of Lee's work. After Lee had completed a portion of the units, Silver became dissatisfied with the quality of Lee's work and Lee became worried that Silver would refuse to continue paying. As a result, the parties' business relationship was terminated.
At the time that the parties' relationship terminated, Lee had partially completed the work on one of the units. Silver was forced to hire someone to finish the unit and refused to pay Lee for the work that Lee had done on the unit.
On January 2, 1998, Lee filed a small claims complaint against Silver, claiming that Silver owed him $2,230 for painting services. Silver moved to dismiss the complaint, arguing that the parties' contract required arbitration for the resolution of contractual disputes. Silver attached a copy of a written contract to his motion. The second page of Silver's copy contained the signatures of the parties and an arbitration clause, and the first page of Silver's copy contained handwritten notations listing buildings four and five, units A, B, C, and D. Lee responded to Silver's motion to dismiss by denying that the written contract containing the arbitration clause applied to the unit upon which Lee had based his claim for payment. Lee attached a copy of the same written contract that had been attached to Silver's motion; however, the first page of Lee's copy contained a handwritten notation listing only building five, unit B. Lee claimed that the first page of Silver's copy had been altered to include units A, C, and D. Lee argued that because he was not seeking payment for his work on unit B, the arbitration provision contained in the written contract did not apply.
All of the issues herein were set for trial on May 6, 1998, before a magistrate. First, the magistrate overruled Silver's motion to dismiss, concluding that there was "insufficient evidence offered to show that the contract [containing the arbitration clause] referred to the painting of unit D which is the subject of this lawsuit." The magistrate then addressed Lee's claims, concluding that the total contract price for unit D was $2,737.50 and that Silver was required to pay another subcontractor $1,121.50 in order to complete Lee's unfinished work on unit D. The magistrate deducted the second sum and awarded judgment in favor of Lee in the amount $1,616. Silver objected to the magistrate's decision, but the trial court overruled the objections and adopted the magistrate's decision. Silver timely appealed.
II.
On appeal, Silver raises one assignment of error:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY OVERRULING DEFENDANT-APPELLANT'S OBJECTIONS TO THE AMENDED MAGISTRATE'S DECISION FILED JUNE 22, 1998[,] THEREBY ADOPTING THE AMENDED MAGISTRATE'S DECISION RENDERING JUDGMENT AGAINST DEFENDANT-APPELLANT.
Although Silver discusses the abuse of discretion standard of review, his arguments make it clear that he is challenging the weight of the evidence. When an appellant challenges the weight of the evidence on appeal, abuse of discretion is not the proper standard. Instead, an appellate court will only reverse a judgment based on the weight of the evidence when it "is so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice." Jacobs v. Benedict (1973),39 Ohio App.2d 141, 144, quoting 3 Ohio Jurisprudence 2d (1953) 817, Appellate Review, Section 819. The judgment of the trier of fact is only to be disturbed when "it clearly appears that the conclusion reached cannot be supported by any rational view of the evidence." Id. at 144-145. As such, a judgment need only be supported by "some competent, credible evidence." C.E. Morris Co.v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280.
Initially, Silver challenges the denial of his motion to dismiss. As noted above, the parties submitted two conflicting copies of the same written contract. Silver's copy indicated that it applied to all of the units on which Lee had worked, while Lee's copy indicated that it only applied to unit B. Lee testified that when he signed the contract, it did not include units A, C, and D. Silver testified that the contract was expandable and that it was customary to add new units to the original contract. Although Silver did not testify that he had unilaterally added units A, C, and D to the written contract, his testimony implied as much. Based on the conflicting evidence concerning the scope of the written contract, this Court cannot say that the denial of the motion to dismiss was in complete violation of substantial justice. The conclusion that the written contract containing the arbitration clause did not apply to the work at issue herein is clearly supported by a rational view of the evidence.
Next, Silver challenges certain aspects of the resolution of Lee's claim for payment. Silver challenges the magistrate's conclusion that Lee's claim related to work on unit D, that the contract price was $2,737.50, and that Lee was entitled to receive the full contract price. Based on the testimony of Lee, this Court is constrained to agree with Silver.
The magistrate concluded that Lee's claim related to work performed on unit D and that the contract price for unit D was $2,737.50. The magistrate was partially correct; the contract price for unit D was $2,737.50. However, Lee unequivocally testified that his claim was based on work that he performed on unit A, not on unit D. Lee testified that he had been paid in full for his work on unit D. In fact, when Silver's attorney became confused about which unit he was discussing, the magistrate corrected him, stating, "It's Unit A we're talking about." Furthermore, Lee states in his appellate brief that the parties are in agreement that the unit at issue herein is unit A. As such, it is clear to this Court, and it was apparently clear to the magistrate at one time, that Lee's claims relate to work performed on unit A, not unit D.
Because the magistrate confused unit D with unit A, the magistrate erred by awarding Lee $2,737.50, the contract price for unit D. Lee testified that the contract price for unit A was only $2,162.50. Lee testified that he only demanded that Silver pay him eighty percent of that contract price, which, in Lee's estimate, came to $1,730.00. Lee then testified that he added $500 to that amount as payment for some additional work that he had done on the exterior of unit A. Therefore, Lee testified that the total bill only came to $2,230, the same amount that was set forth in Lee's complaint. Again, at the hearing, the magistrate seemed to be fully aware that only $2,230 was at issue. When Lee's attorney attempted to solicit testimony on an extraneous issue, the magistrate stopped him, stating, "[Y]ou're here just to decide whether or not he owes you $2,230." As such, it is clear to this Court, and it was apparently clear to the magistrate at one time, that Lee's claim for the work on unit A only amounted to $2,230.
Insofar as Lee only requested payment for eighty percent of the contract price for unit A and Lee admitted that he did not complete all of the work on unit A, Lee was clearly not entitled to the entire contract price. Although Silver argues that Lee is not even entitled to eighty percent, the magistrate clearly concluded otherwise. Having reviewed the evidence admitted herein, this Court cannot say that such a finding was unsupported by any rational view of the evidence.
Silver's assignment of error is well taken, in part. Despite the magistrate's apparent confusion, the evidence clearly shows that Lee was only entitled to $2,230 for work performed on unit A. Because the magistrate's decision to deduct $1,121.50 for work required to complete unit A remains unchallenged on appeal, judgment should have been rendered in favor of Lee in the amount of $1,108.50. The judgment is modified accordingly.
Judgment affirmed in part, reversed in part.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Akron Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs equally taxed to appellant and appellee.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT
SLABY, P. J.
WHITMORE, J.
CONCUR