OPINION
Appellant, Tana Mooney, appeals a judgment of the County Court of Putnam County, awarding Appellee, Timothy Shutt, $2,800 in damages from the sale of a used vehicle he purchased from Appellant. The trial court found that there was no meeting of the minds between the parties concerning the sale. For the reasons expressed in the following opinion, we affirm in part and reverse in part.
On June 21, 1998, Appellee, along with his wife and daughter, visited Appellant's home in Columbus to inspect and test-drive her 1993 Honda Prelude, which was advertised for sale in the Columbus Dispatch newspaper. At that time, Appellant was asking $9,500 for the vehicle. After Appellee inspected and test-drove Appellant's vehicle, Appellant informed him that it had previously been damaged in an accident.
Appellee then informed Appellant that he would need some time to think, and returned to his home in Lima. Several days later, Appellee telephoned Appellant and told her he was interested in purchasing the vehicle. However, he wanted his wife to drive it before he made a final decision. On June 26, 1998, Appellant drove the vehicle to Lima where Mrs. Shutt test-drove it for the first time.
On June 28, 1998, Appellee telephoned Appellant at work and the parties orally agreed on a purchase price of $9,000. Thereafter, Appellee made arrangements with his bank to wire Appellant's bank the money for the vehicle. Appellant informed Appellee that she would leave the vehicle for him to pick up at her parents' home in Ottawa on July 4, 1998, and would mail him the title as soon as her bank received the money.
On July 6, 1998, Appellant's bank received the money and Appellant mailed Appellee the title. Approximately one week later, Appellee received the title in the mail and for the first time, discovered that the title described the vehicle as "rebuilt salvage". "An automobile is designated `rebuilt salvage' when it is damaged to the extent that an insurance company deems it `economically impractical to repair' but is then restored." EdMullinax Ford, Inc. v. Lenart (1997), 121 Ohio App.3d 651, 652.
Pursuant to R.C. 4505.11(E), when such a damaged motor vehicle is subsequently restored for operation upon the highways, a new certificate of title is issued, and that title and every subsequent certificate of title for that vehicle must carry the designation "rebuilt salvage", in black boldfaced letters on its face. Appellee thereafter notified Appellant of his displeasure with the status of the title, and requested Appellant to either take the car back or reimburse him for the diminished value of the vehicle. However, the parties were unable to resolve the problem.
On October 8, 1998, Appellee filed a complaint for breach of contract, alleging that Appellant falsely represented the condition of the vehicle by not informing him that it was titled as a "rebuilt salvage" vehicle. On May 5, 1999, after a trial to the bench, the court found that there was no meeting of the minds between the parties in their oral contract. At trial, the parties stipulated that in December 1998, the value of the vehicle was $6,200. The trial court held that it would not be practical to rescind the contract and ordered Appellant to pay Appellee $2,800 in restitution, an amount representing the difference between the purchase price and the value of the vehicle as of December 1998.
Appellant now appeals the decision of the trial court, raising four assignments of error for our review.
Assignment of Error No. 1
 The trial court erred in finding that Appellant had defrauded Appellee when she sold him a rebuilt automobile which had been previously wrecked, by accepting Appellee's offer of more than "fair market value"
Appellant argues in her brief that there is no evidence of fraud in the record to support the trial court's decision. However, the trial court did not find that Appellant committed fraud, but rather, held that there was no meeting of the minds between the parties regarding the sale of the vehicle. In order to constitute a valid contract, there must be a meeting of the minds of the parties. Noroski v. Fallet (1982), 2 Ohio St.3d 77,79.
The trial court stated in its judgment entry:
 "* * * During the discussions surrounding the purchase/sale of the Honda, there were discussions that the vehicle had been wrecked, but either there was no discussion about the rebuilt title or it was presented by Defendant in a manner that was not understood by the Plaintiff."
This language does not constitute a finding that the Appellant committed a fraud. The trial court merely held that the parties did not reach a clear understanding concerning the state of the certificate of title prior to the sale.
Accordingly, Appellant's first assignment of error is not well taken and is overruled.
Assignment of Error No. 2
 The trial court abused its discretion by arbitrarily and capriciously assuming facts where no such facts were proved at trial.
The crux of Appellant's argument here centers on her contention that Appellee failed to present sufficient evidence to prove the fact that Appellant did not inform Appellee of the status of the motor vehicle title prior to the consummation of the sale. Since this is an issue of fact, an appellate court may not disturb the trial court's decision unless there is a lack of competent credible evidence to support such finding. Reilley v.Richards (1994), 69 Ohio St.3d 352, 353. Appellate courts must not reweigh the evidence, nor substitute their own judgment for that of the trial court, because the trial court is in the best position to view the witnesses and weigh the credibility of their testimony. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80
The record herein demonstrates that Appellant originally bought the vehicle in a wrecked condition from a salvage yard, and that her father rebuilt it. At that time, the passenger door and the right rear fender were replaced. Damage to the frame and underbody was also repaired. The record also demonstrates that while Appellant informed Appellee on several occasions that the vehicle had sustained some damage in a previous collision and had been repaired, at no time did Appellant ever describe the damage as anything more than insignificant. Moreover, Appellee testified that he has purchased many vehicles prior to this particular one, and he never would have purchased this vehicle for $9,000 if he had known that the vehicle had a "rebuilt salvage" title.
Based on the entire record, and the testimony of the parties, the trial court found that there was not a meeting of the minds regarding all the essential terms of the agreement. There is sufficient competent credible evidence in the record from which the trial court could properly make such a finding.
Accordingly, Appellant's second assignment of error is not well taken and is overruled.
Assignment of Error No. 3
 The trial court's decision is in contravention of the law of Ohio.
 Appellant next claims that the trial court's decision is erroneous because Appellee failed to revoke his acceptance of the agreement within a reasonable time. Specifically, Appellant claims that Appellee drove the car for several hundred miles before he took any serious action against Appellant. We disagree with Appellant's argument.
In reaching our decision, we look to McCullough v. Bill SwadChrysler-Plymouth, Inc. (1983), 5 Ohio St.3d 181. In McCullough, the Supreme Court, in a similar context, held that whether the continued use of an automobile after revocation of acceptance vitiates the revocation depends on whether the use was reasonable, which is a question for the trier of fact. Id. at 183. The Court stated:
 The genesis of the "reasonable use" test lies in the recognition that frequently a buyer, after revoking his earlier acceptance of a good, is constrained by exogenous circumstances — many of which the seller controls — to continue using the good until a suitable replacement may realistically be secured. Clearly, to penalize the buyer for a predicament not of his own creation would be patently unjust.
Id. at 184.
Although the judgment entry in this matter does not specifically address the issue, the trial court, by necessity, must have found Appellee's use of the vehicle to be reasonable. First, the record indicates that within several days after Appellee received the title to the car and noticed that it was a "rebuilt salvage" title, he began making telephone calls to Appellant to see if she would rectify the situation. Unfortunately, the parties were not able to reach an agreement at the time. As a result, Appellee filed a complaint on October 8, 1998. Based on the record, the trial court did not err in finding that Appellee attempted to revoke his acceptance within a reasonable time.
Next, the record indicates that Appellee originally purchased the vehicle from Appellant because he was in need of transportation back and forth to Toledo. To penalize Appellee for driving the vehicle after he knew the status of the title would contradict the purpose of the "reasonable use" test set forth inMcCullough. Therefore, based on the record, the trial court did not err in finding that Appellee's use of the vehicle was reasonable under the circumstances.
Nevertheless, Appellant appears to argue that even if Appellee's use of the vehicle was reasonable, there is no evidence in the record that it is defective in any way, or that its value has been diminished. However, the Court in McCullough held:
 No inference may be drawn from a buyer's continued use of a good after revocation that the good's nonconformities do not substantially impair its value to the buyer.
 McCullough, 5 Ohio St.3d at the syllabus.
 In addition, the Court in McCullough stated that "[w]hether a complained of nonconformity substantially impairs an item's worth to the buyer is a determination exclusively within the purview of the fact-finder and must be based on objective evidence of the buyer's idiosyncratic tastes and needs." McCullough, 5 Ohio St.3d 186. The record indicates that Appellee did not feel that a vehicle with a "rebuilt salvage" title was worth the price he paid, and that he would not have paid that price had he been aware of this fact. Based on this evidence, the trial court did not err in finding that there was a diminution in the value of the vehicle solely because of the status of the certificate of title.
Accordingly, Appellant's third assignment of error is not well taken and is overruled.
Assignment of Error No. 4
 The trial court erred in ordering damages in the amount of $2800.00 for breach of contract.
Because the trial court found there was no meeting of the minds between the parties regarding the sale of the vehicle, Appellee was awarded $2,800 in damages. This figure is the difference between the purchase price of the vehicle, $9,000, and the vehicle's value as of December 1998, which the parties stipulated to as $6,200.
Appellant first argues that the law does not support the trial court's award of damages. Appellant claims that the court should have rescinded the contract and ordered Appellee to return the vehicle and receive a refund of the purchase price, less mileage and wear and tear. However, the trial court found that rescission was not practical, and that damages are the proper remedy for several reasons. First, at the time of trial, Appellee had been driving the vehicle for ten months and had put additional miles on the vehicle. Second, the court noted that Appellee was using the vehicle as collateral for a loan. In addition, Appellant had used the proceeds of the sale to pay off her car loan and assumed a lien on another vehicle.
Support for the trial court's decision is found in 1 Restatement of the Law 2d, Contracts (1981) 394, Section 158, which states:
§ 158. Relief Including Restitution
 (1) In any case governed by the rules stated in this Chapter, either party may have a claim for relief including restitution under the rules stated in §§ 240 and 376.
 (2) In any case governed by the rules stated in this Chapter, if those rules together with the rules stated in Chapter 16 will not avoid injustice, the court may grant relief on such terms as justice requires including protection of the parties' reliance interests.
 In light of this section, and the parties' situation at the time of trial, the trial court did not err in determining that rescission would be impractical and awarding Appellee restitution instead.
Although we do not find error in the trial court's decision to grant restitution, we do take issue with the trial court's calculation of restitution. As stated above, the trial court awarded Appellee the difference between the purchase price of the vehicle, and the vehicle's value as of December 1998. Although the parties stipulated to the vehicle's value, they did not stipulate that this would serve as the measure of the remedy.
By December 1998, Appellee had been driving the vehicle for at least five (5) months. There is little doubt the vehicle decreased in value between July and December 1998. Thus, awarding Appellee restitution by using the value of the vehicle as of December 1998 reaches an inequitable result. Therefore, we must remand this matter to the trial court so that it can determine the value of the vehicle at the time of purchase and properly calculate an equitable amount of restitution.
Accordingly, Appellant's fourth assignment of error is sustained.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby reversed insofar as it relates to the issue of damages, and the matter is remanded for further proceedings in accordance with this opinion.
Judgment affirmed in part, reversed in part and causeremanded.
BRYANT, P.J., and HADLEY, J., concur.