DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
On February 4, 2000, Summit County Court of Common Pleas, Domestic Relations Division granted Appellee, Bonnie Toth ("Bonnie") a divorce from Appellant, Julius Toth ("Julius"). Julius appeals the court's valuation of his business corporation. We affirm.
 I.
The sole issue raised on appeal is the fair market value of Julius's business, AA Toth Company ("Company"). The Company deals in home appliances including air purifiers, vacuum cleaners, and ceiling fans. There is a small office staff and thirty active dealers/salesmen in the organization. Julius receives a commission from the dealers' sales.
Bonnie's accountant, William Wittenauer ("Wittenauer"), valued the Company at $950,000 as of January 31, 1998. Julius's accountant, William Ambrose ("Ambrose"), also the Company's accountant, valued the Company at $175,000 to $200,000 as of January 31, 1998. The trial court appointed an independent accountant, Robert Schlabig ("Schlabig"). Schlabig found the year ending January 31, 1998 figures were unreliable and valued the Company at $640,000 as of January 31, 1997. The trial court held the fair market value of the Company was $640,000.
Julius timely appealed the valuation of his Company to this court.
 II. Assignment of Error No. 1: THE TRIAL COURT ERRED IN ITS VALUATION OF APPELLANT'S CORPORATION WHEN THE COURT RELIED UPON THE BUSINESS VALUATION PERFORMED BY THE COURT-APPOINTED BUSINESS VALUATOR, WHO VALUED THE CORPORATION AS OF A DATE ALMOST 15 MONTHS PRIOR TO THE VALUATION DATE SELECTED BY THE COURT, AND WHO DISREGARDED THE FINANCIAL INFORMATION FOR THE MOST RECENT FISCAL YEAR OF THE CORPORATION, CLAIMING UNRELIABILITY OF THAT INFORMATION, SIMPLY BY REASON OF ITS DEVIATION FROM THE PRIOR YEARS, BUT WHO MADE NO EFFORT TO OBTAIN ADDITIONAL INFORMATION TO DISCOVER THE BASIS FOR THE CLAIMED UNRELIABILITY OR TO ADJUST OR RECONCILE THE INFORMATION FOR THE MOST RECENT FISCAL YEAR.
 Assignment of Error No. 2: THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE COURT-APPOINTED BUSINESS VALUATOR AS TO THE DATE AS OF WHICH HE WAS TO VALUE APPELLANT'S CORPORATION.
 Assignment of Error No. 3: THE TRIAL COURT ERRED IN ARRIVING AT THE VALUATION OF APPELLANT'S CORPORATION WHEN THE COURT OVERRULED APPELLANT'S MOTION TO STRIKE THE TESTIMONY AND VALUATION REPORT OF THE COURT-APPOINTED BUSINESS VALUATOR.
Julius's three assignments of error all deal with the court's acceptance of Schlabig's valuation of the Company. Because these three assignments of error raise related issues, we will consider them together. Julius attacks Schlabig's valuation because 1) he did not include the most recent financial information from the year ending January 31, 1998 and 2) he declared the year ending January 31, 1998 figures were unreliable without investigating into the reasons for the discrepancies.
Both parties assert that the proper standard of review of the trial court's valuation of marital property is the abuse of discretion standard. We begin by noting that before the trial court reaches the stage of distributing property, it must first determine what constitutes marital property and what constitutes separate property. R.C. 3105.171(B). This characterization is a factual inquiry and is reviewed under a manifest weight of the evidence standard. We must affirm the trial court's valuation decisions unless those decisions are not supported by competent, credible evidence. See Custer v. Custer (Feb. 4, 1998), Summit App. No. 18277, unreported, at 3, citing Royer v. Bd. of Education
(1977), 51 Ohio App.2d 17, 20, quoting Jacobs v. Benedict (1973),39 Ohio App.2d 141, 144.
In evaluating a manifest weight of the evidence challenge to a criminal conviction, we:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. See, also, State v.Martin (1983), 20 Ohio App.3d 172, 175. We apply this standard to the non-criminal context sub judice.
Bonnie filed for divorce from Julius on October 29, 1996. Throughout the proceedings, three accountants determined the fair market value of the Company: 1) Bonnie's accountant, Wittenauer, valued the Company at $950,000; 2) Julius's accountant, Ambrose, valued the Company at $175,000 to $200,000 and 3) and the court appointed accountant, Schlabig, valued the Company at $640,000. The trial court held the value of the Company was $640,000.
The financial information for the year ending January 31, 1998, was adjusted in the Wittenauer valuation and not used in the Schlabig valuation. Wittenauer testified that it was necessary to disallow some financial information from 1997 because of "extraordinary expenses" that "wasn't [sic] reasonable with what [the Company] had done in the past." He made adjustments that totaled $526,000 to: the inventory, compensation of the officers, salaries, wages and miscellaneous expenses. Schlabig testified that "the [year ending January 31, 1998] numbers were so out of — — out of the range with the prior five years that they — — they currently didn't appear that they were reliable."
Wittenauer and Schlabig based their valuations on the information provided by the Company's accountant, Ambrose. Both testified that Ambrose was slow and generally uncooperative in providing the necessary financial information.
At trial, Julius's attorney attacked these valuations, specifically the lack of information the valuations were based on. Ambrose testified that the discrepancies in the 1997 figures were primarily caused by the Company's failure to conduct a physical inventory for three years. After an inventory was actually conducted Ambrose realized that the estimated inventory figures he had been using for years were different than the actual inventory results.
Ambrose also described Julius as the "key man" of the Company. He testified that Julius's attention was consumed with the divorce during 1997 and therefore diverted away from the Company. During this same time period, Julius traveled a great deal to support his expanding Alpine business. The divorce proceedings and the travelling contributed to Company's financial decline in 1997.
The record reflects that the trial court had a valuation of the Company from a May 22, 1997 loan application. The loan application was completed shortly after Bonnie filed for divorce. Julius applied for a loan and valued his Company at $610,732 (business worth $500,000 plus retained earnings worth $110,732). After comparing all of the valuations the trial court noted that "[i]nterestingly, this value placed on the AA Toth Company by Mr. Schlabig is very near the value of $610,732 that [Julius] placed on the company in his mortgage loan application filed May 22, 1997."
We find that the trial court's determination that the fair market value of the Company was $640,000 was not against the manifest weight of the evidence. As an independent valuator, Schlabig evaluated the information provided by Ambrose and determined, like Wittenauer, that the year ending January 31, 1998 figures were unreliable. He chose to remove the figures instead of attempting to adjust them due to the irregularities. The trial court was in the best position to determine the credibility of each witness and our review of the record reveals that overwhelming evidence was presented that if believed supports the court's finding that:
 At best [Julius] grossly mismanaged the AA Toth Company for the fiscal year ending January 31, 1998. At worst, he purposely drove the AA Toth Company business located at Norton Avenue into the ground while developing an Alpine business which [was] more easily movable, less tangible in nature in terms of its assets, and less subject to attachment by creditors including his ex-wife.
 III.
We find that the trial court's valuation of the Company was not against the manifest weight of the evidence. Accordingly we find that the trial court did not err in failing to specify a specific time period for Schlabig's valuation and did not err in overruling the motion to strike Schlabig's testimony. All three assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
SLABY, J. CARR, J. CONCUR