[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} On October 20, 2001, James Gilbert entered a no-contest plea to permitting drug abuse in violation of R.C. 2925.13(A). The state then filed a petition for forfeiture of a 1996 Cadillac and $8,020, which the state had seized from Gilbert at the time of his arrest. The state filed the petition pursuant to R.C. 2925.43, which specifically provides for the forfeiture of property used in connection with a felony drug-abuse offense. Following a hearing on the state's forfeiture petition, the trial court ordered the forfeiture of the 1996 Cadillac, which was owned by Gilbert, and $4,010, which was half of the money in Gilbert's possession at the time of his arrest.
{¶ 3} In his sole assignment of error, Gilbert maintains that the trial court's decision to grant the forfeiture was against the manifest weight of the evidence. We disagree.
{¶ 4} A reviewing court can reverse a judgment upon a claim of error involving manifest weight of the evidence only when the judgment is manifestly contrary to the natural and reasonable inferences to be drawn from the evidence.[1] In order for the trial court to have ordered the forfeiture of Gilbert's property under R.C. 2925.43, it must have found, by clear and convincing evidence, that the car and the money were being used in any manner to commit, or to facilitate the commission of, a drug offense or that they were derived from the proceeds thereof.[2]
{¶ 5} Having reviewed the record, we cannot say that the trial court's decision was against the manifest weight of the evidence. Gilbert pleaded no contest to permitting drug abuse. The undisputed facts before the trial court showed that on July 31, 2001, Gilbert drove to the Fay Apartments and parked his car by the basketball court. Gilbert sat in the front seat of the Cadillac, while his friend Michael Briggins sat in the back seat. All of the car doors were open. Cincinnati police then observed a hand-to-hand drug transaction between Briggins and Keith Love, who was standing outside the car next to Briggins. All three men were arrested. When the police searched Gilbert's car, they discovered a bag of marijuana under the seat and a scale under the armrest. Gilbert admitted that he smoked marijuana and that the scale belonged to him. Gilbert was also carrying $8,020 in cash at the time of his arrest.
{¶ 6} Gilbert maintains, however, that his property should not have been forfeited given his testimony that he was at the Fay Apartments to watch basketball, that he did not know Briggins was selling drugs from the back seat of his car, and that the reason for the presence of the cash was that he carried his life savings around with him. Here, however, the trial court, as the trier of fact, found that the state had shown by clear and convincing evidence that the Cadillac, which had been used in the drug transaction, should be forfeited. The trial court also found that given Gilbert's modest income "the only reasonable explanation for [Gilbert's] possession of such a large sum of money [was] that it was derived from narcotics trafficking." Because we cannot say that the trial court's decision forfeiting the $4,010 and the 1996 Cadillac was against the manifest weight of the evidence, we overrule the assignment of error and affirm the judgment of the trial court.
{¶ 7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Gorman and Sundermann, JJ.
[1] Jacobs v. Benedict (1973), 39 Ohio App.2d 141, 144, 316 N.E.2d 898.
[2] See R.C. 2925.43(A)(2) and 2925.43(E)(4).