**Lowell F. HOLSAPPLE, a minor by his father and next friend, Plaintiff-Appellee,**

v.

**Raymond D. WOODS et al., Defendants-Appellants.**

**No. 74–1116.**

United States Court of Appeals, Seventh Circuit.

May 22, 1974.

Certiorari Denied Oct, 21, 1974.

See 95 S.Ct. 185.

James W. Sanders, Marion, Ill., for defendants-appellants.

Gerald L. Montroy, Harold H. Pennock, Jr., Centralia, Ill., for plaintiff-appellee.

Before FAIRCHILD, CUMMINGS and PELL, Circuit Judges.

PER CURIAM.

This matter comes before the Court on the filing of the record and briefs of the parties and on the submission by the appellee of a motion for affirmance without oral argument pursuant to Circuit Rule 22. On consideration whereof, we grant the motion and affirm the judgment of the court below.

Plaintiff Lowell F. Holsapple is a male student at Odin High School, Odin, Illinois. On August 28, 1973, he enrolled for the fall semester at the school, at which time he was provided with a copy of the School Board Policy on grooming. The grooming provision read: "Excessively long hair to the eyebrows, ears, and to the collar will be cause for dismissal." On September 17, 1973, plaintiff was suspended for violation of the grooming provision. He then filed a civil rights complaint and a motion for temporary restraining order in the district court against defendant Superintendent of the Public School and members of the Board of Education, requesting judgment declaring the grooming policy unconstitutional and other relief. Plaintiff remained suspended from school until September 25, 1973, at which time the district court approved a stipulation between the parties that the plaintiff could return to school without altering his hair, pending final hearing on the merits of the case. A consolidated hearing on motions for preliminary and permanent injunctions was held on October 9, 1973, at which four witnesses for the defendants testified.[1] The stipulation referred to *supra* remained in effect until November 1, 1973, when the district court entered judgment declaring the portion of the grooming code relating to boys' hair unconstitutional, as violative of the Fourteenth Amendment. Defendants have appealed, raising two issues.

---

1. At the final hearing, the defendants produced four experienced educators and administrators as witnesses. One, Raymond D. Woods, one of the defendants herein, testified that there is a direct correlation between dress and grooming and behavior (Tr. 20–23) and that hair length is related to a student's classroom attitude, discipline and grades (Tr. 26 and 27). James Doggin then testified that the wearing of long hair by students interferes with the learning process (Tr. 46) and that such students create problems related to discipline (Tr. 46 and 47). Another witness, Gerhardt C. Matzner, a Professor of School Administration at Eastern Illinois University, stated that students with long hair generally continue to cause discipline problems at the college level (Tr. 60–61) and such long hair is generally a symbol of rebellious attitudes and conduct toward school authorities which they must be permitted to discourage (Tr. 61). The final witness for defendants was Ruth Westerhold who is currently Chief Psychologist of the three-county Kaskaskia Special Education District in Illinois. She testified that in a study of seven area high schools, students with long hair were, with one exception, all in the lower three-fourths, and most were in the lowest one-fourth, of the class (Tr. 71–73) and that there is a direct correlation between good grooming and good behavior (Tr. 70). All witnesses were subjected to cross-examination by plaintiff's counsel.

## I

Defendants first contend that the district court erred in holding that no evidence was presented at trial that showed a direct correlation between students' hair length and the creation and maintenance of a proper learning atmosphere. They point to certain excerpts from testimony of the four expert witnesses to show that evidence was in fact presented to show a correlation between dress and grooming on the one hand and behavior on the other; and that length of hair is part of this good grooming-good behavior nexus. They argue that the existence of such testimony refutes, as erroneous, the following two findings of fact and conclusions of law of the trial court:

"18. There is no evidence that length of the Plaintiff's hair or the length of any other student's hair has adversely affected the learning experience of Odin High School.

\*     \*     \*     \*     \*     \*

"21. There is no evidence that a substantial nexus exists between the length of the Plaintiff's hair or the length of any other student's hair, whether long or short, and discipline problems at Odin High School."

We find this contention to be without merit.

■   As the court in Franks v. National Dairy Products Corp., 414 F.2d 682, 685 (5th Cir. 1969), stated:

"It is not our task to re-try the facts of the case; this is especially true where the lower court's findings are based on oral testimony and the trial judge has viewed the demeanor and judged the credibility of the witnesses . . . . The trial court was not bound to accept the opinion of the expert witness but, rather, had a right to use his own common sense and experience and to draw all reasonable inferences from the physical facts and occurrences."

Furthermore, findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. F.R.Civ.P. 52(a); see Lichter v. Goss, 232 F.2d 715, 719 (7th Cir. 1956).

■   In the instant case, the district judge in the main body of his opinion and order, stated as follows:

" . . . School authorities must meet a substantial burden to justify any infringement of this constitutional right of the plaintiff.

\*     \*     \*     \*     \*     \*

" . . . They [the expert witnesses] testified that 'good grooming' was related to 'proper behavior,' and that students in academic or disciplinary trouble frequently wore long hair.

"The court finds that this testimony is *insufficient* to justify the school hair regulation. No effort was made to define 'proper behavior' or 'good grooming.' . . . *More fundamentally, defendants failed to show how long hair could cause academic or discipline problems.*" (Emphasis supplied).

Mindful of the district judge's opportunity to judge the demeanor and credibility of witnesses, and after reviewing the transcript of proceedings and the two findings complained of in light of the district judge's opinion—part of which is set out *supra,* we conclude that the district judge's findings are not clearly erroneous so as to require setting them aside.

## II

Defendants next contend that the hair regulation does not infringe the constitutional rights of the plaintiff. We disagree.

■   The law of this Circuit is well settled that in a school context, the right to wear one's hair at any length or in any desired manner is an ingredient of personal freedom protected by the Unit-

ed States Constitution.[2] Breen v. Kahl, 419 F.2d 1034 (7th Cir. 1969); Crews v. Cloncs, 432 F.2d 1259 (7th Cir. 1970); Arnold v. Carpenter, 459 F.2d 939 (7th Cir. 1970). To limit or curtail this or any other fundamental rights, the state has a "substantial burden of justification." *Breen, supra* at 1036. "Substantial justification" has been defined by the United States Supreme Court as follows:

> " * * * [A] government regulation is sufficiently justified if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest." United States v. O'Brien, 391 U.S. 367, 377, 88 S.Ct. 1673, 1679, 20 L. Ed.2d 672 (1968).

An examination of the record and transcripts in this case reveals, simply, that the defendants failed to meet this substantial burden of justification. Defendants have fallen far short of showing that poor discipline and lower grades are caused by hair length in violation of the school standard and are "so aggravated, so frequent, so general, and so persistent that this invasion of student's individual freedom by the state is warranted." *Breen, supra* at 1036, 1037.

Accordingly, the judgment of the district court is

Affirmed.

PELL, Circuit Judge (concurring):

I join in this opinion solely because it restates well-established authority in this Circuit. Despite the fact that opposing views have been held in the federal courts on the high school-hair issue, the Supreme Court has apparently not deemed the issue to be of sufficient constitutional significance to grant certiorari. I entertain the opinion that the federal courts of this Circuit, including this Court, might have been well advised to have reached the same result, but they have not.

---

2. "[S]tate-operated schools may not be enclaves of totalitarianism. * * * [Students] are possessed of fundamental rights which the State must respect, just as they themselves must respect their obligations to the State." Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 511, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969). Compare our recent decision in Miller v. School District Number 167, Cook County, Illinois, et al., 495 F.2d 658, (7th Cir. 1974). In *Miller* we held that "even if the individual interest in one's [there a teacher's] appearance may be char-

acterized as an interest in liberty, the denial of *public employment* because the employer considers the applicant's appearance inappropriate for the position in question, does not in and of itself represent a deprivation that is forbidden by the Due Process Clause." *Id.* at p. 668, emphasis supplied. Our decision in *Miller* did not dislodge our former holdings in *Breen, Crews*, and *Arnold, supra*, in text. "The unavailability of a teaching position in one School District is less serious . . . than the deprivation of an opportunity to obtain an education." *Miller, supra* at p. 665.