ROYER, APPELLANT, *v.* BD. OF EDUCATION OF C. R.
COBLENTZ LOCAL SCHOOL DISTRICT, APPELLEE.

[Cite as Royer v. Bd. of Education (1977),
51 Ohio App. 2d 17.]

(No. 229—Decided March 7, 1977.)

*Mr. Everett Fahrenholz,* for appellant.
*Mr. Nicholas A. Pittner* and *Mr. Donald L. Lane,* prosecuting attorney, for appellee.

KERNS, J. The plaintiff, James Royer, who was sixteen years of age at the time, commenced this action through his mother, Virginia Royer, seeking a declaratory judgment that a portion of the dress and appearance code adopted by National Trail High School was unconstitutional in its application to him. Particularly, Royer challenged the provision of the code which says that "male students are asked to keep their hair off the collar and out of the eyes."

The cause came on for hearing before the Court of Common Pleas of Preble County on November 5, 1975, after which the trial court rendered a decision holding that the dress and appearance code was a reasonable exercise of the authority of the Board of Education to con-

trol and manage the operations of the school. The trial court thereupon dismissed the complaint, and from the judgment entered for the defendants on March 11, 1976, Royer has perfected an appeal to this court.

In the appeal, the appellant has set forth four assignments of error: (1) that the judgment violates the Constitution of the United States, (2) that the judgment violates the Constitution of the state of Ohio, (3) that the judgment is contrary to law, and (4) that the judgment is against the manifest weight of the evidence.

The question of whether the right of a male to wear long hair is a constitutionally protected right has inspired many erudite and scholarly pens in recent years, but, the decisions as a whole have provided nothing more than an uncharted sea of conflicting adjudications. For example, some decisions have held that a student has a constitutional right to select a particular hair style. *Richards* v. *Thurston* (C. A. 5, 1970), 424 F. 2d 1281; *Massie* v. *Henry* (C. A. 4, 1971), 455 F. 2d 779; *Long* v. *Zopp* (C. A. 4, 1973), 476 F. 2d 180; *Mick* v. *Sullivan* (C. A. 4, 1973), 476 F. 2d 973; *Holsapple* v. *Woods* (C. A. 7, 1974), 500 F. 2d 49; *Arnold* v. *Carpenter* (C. A. 7, 1972), 459 F. 2d 939; *Crews* v. *Cloncs* (C. A. 7, 1970), 432 F. 2d 1259; *Breen* v. *Kahl* (C. A. 7, 1969), 419 F. 2d 1034; *Bishop* v. *Colaw* (C. A. 8, 1971), 450 F. 2d 1069.

On the other hand, many courts have rejected such constitutional claims. *Zeller* v. *Donegal School Dist.* (C. A. 3, 1975), 517 F. 2d 600; *Murray* v. *West Baton Rouge Parish School Bd.* (C. A. 5, 1973), 472 F. 2d 438; *Karr* v. *Schmidt* (C. A. 5, 1972), 460 F. 2d 609; *Gfell* v. *Rickelman* (C. A. 6, 1971), 441 F. 2d 444; *Jackson* v. *Dorrier* (C. A. 6, 1970), 424 F. 2d 213; *King* v. *Saddleback Jr. College Dist.* (C. A. 9, 1971), 445 F. 2d 932; *Olff* v. *East Side Union High School Dist.* (1972), 404 U. S. 1042 (dissent of Justice Douglas); *Hatch* v. *Goerke* (C. A. 10, 1974), 502 F. 2d 1189; *Freeman* v. *Flake* (C. A. 10, 1971), 448 F. 2d 258.

For the most part, the cases upon the subject reflect philosophical views, and some of them are even at odds as to which constitutional provision pro-

tects the alleged right to wear long hair. This inconsistency in reported decisions tends to expose the frivolity of the basic issue, and the additional fact that the United States Supreme Court has repeatedly refused to consider a school case involving long hair suggests, at least, that the issue involved in such cases is not one of constitutional magnitude.

In February, 1971, Mr. Justice Black, acting as Circuit Justice, refused to predict that the Supreme Court of the United States would hold that rules limiting the length of hair violated the Constitution, and in so doing, he made the following observation:

"* * * [O]ur Constitution has sought to distribute the powers of government in this Nation between the United States and the States. Surely the federal judiciary can perform no greater service to the Nation than to leave the States unhampered in the performance of their purely local affairs. Surely few policies can be thought of that States are more capable of deciding than the length of the hair of schoolboys." *Karr* v. *Schmidt* (1971), 401 U. S. 1201, 1203.

In the present case, the record fails to disclose any departure from procedural due process, and beyond that, problems arising from the length of a schoolboy's hair are too insubstantial to awaken either the Ohio or the United States Constitutions. The first and second assignments of error are overruled.

As to the third and fourth assignments of error, courts do not ordinarily interfere with the exercise of discretion by school authorities in the absence of a clear showing of an abuse of discretion. *State, ex rel. Humphrey,* v. *Adkins* (1969), 18 Ohio App. 2d 101. Hence, the critical issue raised by those alleged errors is whether the evidence is sufficient to show that the regulation of hair styles is reasonably necessary to a valid educational purpose within the meaning of R. C. 3313.20.

In the present case, the trial court relied to some extent upon *Laucher* v. *Simpson* (1971), 28 Ohio App. 2d 195, where the Court of Appeals for Knox County upheld a

school board's dress code as it related to hair length. In the case of *Mann* v. *Hubbard Exempted School,* unreported, Case No. 2331, decided June 21, 1976, the Court of Appeals for Trumbull County likewise held that the hair length provision of a dress code was reasonably necessary within the meaning of R. C. 3313.20.

But in *Jacobs* v. *Benedict* (1973), 39 Ohio App. 2d 141, the Court of Appeals for Hamilton County determined from the evidence that regulation of the length of the hair was not reasonably necessary for the government of public schools. However, it should be noted that the reviewing courts in *Laucher, Mann* and *Jacobs* were consistent in following the factual determination of the trial courts in each of those cases and affirming the judgments. In fact, the court in *Jacobs* gave particular recognition to the fundamental rule that neither the Court of Appeals nor the Supreme Court can merely substitute its judgment for that of the trial court, and with this oft-repeated procedural rule in mind, we have carefully examined the evidence presented to the Court of Common Pleas in the present case.

As might be expected, the evidence is impressed with the usual conflicts, and the state of the record is such that the trial court, like the federal courts, could have gone either way in resolving the issue. Under such circumstances, we are bound by the rule set forth in *Jacobs* v. *Benedict, supra,* which reads as follows, at page 144:

" '* * * [I]t has been stated that a reviewing court can reverse a judgment upon an assignment of error involving the weight of the evidence only when the verdict is so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice, and that such a court is not authorized to reverse on such ground unless it is justified in inserting in its journal entry that substantial justice has not been done to the complaining party. A reviewing court will not disturb the judgment of the trial court on the ground of insufficiency of the evidence unless it clearly appears that the conclusion reached

cannot be supported by any rational view of the evidence.' "

In our opinion, the evidence is sufficient to support the conclusion that the "grooming guidelines are necessary to promote discipline, to maintain order, to secure the safety of the pupils, and to provide a healthy environment conducive to academic purposes." See *McClung* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 149, 155. Accordingly, the third and fourth assignments of error are overruled.

*Judgment affirmed.*

SHERER, P. J., and McBRIDE, J., concur.