This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Stephanie Roddy, appeals a judgment of the Lorain County Court of Common Pleas that terminated her parental rights with respect to her daughter, Desiree Lewis. We affirm.
Desiree Lewis was born to Stephanie Roddy on July 10, 1993. Desiree's paternity has not been established. In October 1996 Appellant was incarcerated in the Seneca County Jail while awaiting sentencing. During this time Desiree was placed with Laveina Wiggins, Appellant's maternal grandmother, until Ms. Wiggins developed health problems that prevented her from caring for the child. Desiree was adjudicated a dependent child on November 6, 1996, and Lorain County Children Services ("LCCS") was granted temporary custody shortly thereafter. A case plan was put into place while Appellant was incarcerated that required her to address ongoing problems with alcohol; learn to use positive reinforcement to control Desiree; and provide opportunities for Desiree to participate in a preschool program. When Appellant was released from the Seneca County Jail in November 1996, she was making some progress toward each of these objectives. LCCS continued to work with Appellant to stabilize her situation with the ultimate goal of returning Desiree to Appellant's custody.
On March 10, 1997, however, Appellant was sentenced to another prison term of three years and eight months for felonies committed before her period of incarceration in 1996. Her earliest projected release date was estimated to be during November 2000. After sentencing, Appellant provided LCCS with the names of several friends and relatives in the hope that Desiree could be placed in their care. LCCS determined that none of these people could provide a suitable home for Desiree. Ms. Wiggins provided the names of two additional parties. One expressed willingness to provide short-term care for Desiree until Appellant's release from prison, but was unwilling to commit to adoption or long-term care.
On May 5, 1998, LCCS moved for permanent custody of Desiree. On September 29, 1998, following a hearing, the trial court found that Desiree could not be placed with Appellant within a reasonable time due to her incarceration and that a disposition of permanent custody was in Desiree's best interests pursuant to R.C.2151.414(D). The court terminated Appellant's parental rights and granted permanent custody of Desiree to LCCS. Appellant timely appealed. She has assigned two errors for determination, which are consolidated for ease of discussion.
 ASSIGNMENT OF ERROR I The trial court erred when it refused to award legal custody to the interested friend of the family in violation of [Appellant's] right to Due Process of Law.
 ASSIGNMENT OF ERROR II The trial court's decision was against the manifest weight of the evidence.
In her first assignment of error, Appellant has argued that the trial court erred in failing to grant legal custody of Desiree to Connie Moon, a friend whose name was provided to LCCS by Ms. Wiggins. In her second assignment of error, Appellant has argued that the trial court's determination that placement of Desiree with LCCS was in Desiree's best interests is against the manifest weight of the evidence because a legally secure placement with Ms. Moon was available.
 A.
Because parents have a fundamental liberty interest in the custody of their children, a proceeding to terminate parental rights must afford parents the protection of procedures that comport with the requirements of the Due Process Clause of the United States Constitution. In re Sprague (1996), 113 Ohio App.3d 274,276. Appellant has argued that the trial court should have exercised the less drastic alternative of granting legal custody of Desiree to Ms. Moon, thereby preserving Appellant's residual parental rights. See R.C. 2151.011(B)(17) and (41). R.C. 2151.353(A) governs the dispositional alternatives authorized for a child who has been adjudicated dependant, providing, in part:
 If the child is adjudicated [a] * * * dependant child, the court may make any of the following orders of disposition:
(1) Place the child in protective supervision;
 (2) Commit the child to the temporary custody of a public children services agency, a private child placing agency, either parent, a relative residing within or outside the state, or a probation officer for placement in a certified family foster home or in any other home approved by the court;
 (3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child[.]
(Emphasis added.) Ms. Moon did not move for legal custody of Desiree.[1] Accordingly, the trial court was neither required nor authorized to consider a disposition of legal custody with Ms. Moon. See R.C. 2151.353(A)(3); In re Burmeister (Apr. 14, 1999), Summit App. No. 19157, unreported, at 11.[2]
 B.
In determining whether the juvenile court's decision was against the manifest weight of the evidence, this court applies the same standard used in criminal and civil judgments. In reJames (Oct. 14, 1998), Summit App. No. 18936, unreported, at 6. We must, therefore:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.
Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14, quoting State v. Shue (1994), 97 Ohio App.3d 459,466.
Termination of parental rights is sanctioned when necessary for the welfare of a child, but is an "alternative of last resort." In re Wise (1994), 96 Ohio App.3d 619, 624. Termination of parental rights with respect to a child who is not orphaned or abandoned is governed by R.C. 2151.414(B)(1), which provides:
 The court may grant permanent custody of a child to a movant if the court determines * * *, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that * * *:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
This is a two-part inquiry, requiring courts to determine by clear and convincing evidence (1) if the child cannot or should not be placed with either parent within a reasonable time, and (2) whether it is in the best interest of the child to grant permanent custody to the petitioning agency. In re Higby (1992), 81 Ohio App.3d 466,468.
The conclusion that a child cannot be placed with his or her parent within a reasonable time or should not be placed with a parent requires a finding by the trial court, by clear and convincing evidence, that at least one of the factors enumerated in R.C. 2151.414(E) is present. In this case, Appellant conceded that she was incarcerated at the time of the dispositional hearing and would not be available to care for Desiree within eighteen months. See R.C. 2151.414(E)(7).[3] R.C. 2151.414(E), therefore, required the conclusion that Desiree could not be placed with Appellant within a reasonable time.
R.C. 2151.414(D)(4) provides that in determining the best interests of a child, a court should consider all relevant factors, including "[t]he child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency." Appellant has argued that the trial court's determination that a legally secure placement could not be achieved without a grant of permanent custody to LCCS was against the manifest weight of the evidence. As discussed supra, however, the trial court was not authorized by R.C. 2151.353(A)(3) to consider Ms. Moon as a dispositional alternative.
The trial court's determination that permanent custody was in Desiree's best interest is not "so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice[.]" See Hardiman v. Zep Mfg. Co. (1984), 14 Ohio App.3d 222,226, quoting Royer v. Bd. of Edn. (1977), 51 Ohio App.2d 17,20. Accordingly, Appellant's contention that the judgment of the trial court was against the manifest weight of the evidence is without merit.
Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
 FOR THE COURT
WHITMORE, J.
CONCURS
CARR, J., CONCURS IN JUDGMENT ONLY
[1] Ms. Moon was subpoenaed by Appellant to testify during the dispositional hearing. Although she expressed a continuing willingness to care for Desiree for a short time while Appellant served her prison sentence, she reiterated throughout her testimony that her family's willingness to care for Desiree was considered a short-term option. Appellant's contention that Ms. Moon "was willing to raise Desiree" despite her "reluctan[ce] to adopt" her is unsupported by the record. Ms. Moon recalled that she had "made [her]self plain" about the fact that she was not willing to take Desiree for an extended period of time and that in prospect, if there was a chance that Appellant may not have had legal custody of Desiree returned to her following her release from prison, she was not willing to take custody. Lea Arcuri, of LCCS, testified that she had financial and other concerns with Ms. Moon as a placement alternative for Desiree and that Ms. Moon was not initially perceived as the best option.
[2] Similarly, Ohio courts have concluded that granting legal custody to a third party who has not filed a motion requesting legal custody prior to the hearing may, in the absence of other circumstances indicating notice, violate the procedural due process guaranteed a parent in a permanent custody action. In reBarcelo (June 26, 1998), Geauga App. No. 97-G-2095, unreported, 1998 Ohio App. LEXIS 2921 at *21-24; In re Farace (Dec. 31, 1997), Scioto App. No. 96CA2469, unreported, 1997, Ohio App. LEXIS 5991, at *8-11. See, also, In re Motter (June 15, 1998), Butler App. No. CA96-12-269, unreported, 1998 Ohio App. LEXIS 2658 at *6-8 (restricting this conclusion to situations in which nonparents are granted legal custody without a motion).
[3] Effective March 18, 1999, this provision is contained in R.C. 2151.414(E)(12).