DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, Heather Linden, appeals the judgment of the Medina County Court of Common Pleas that adjudicated her to be a sexual predator. We affirm.
Defendant was convicted of one count of rape, a violation of R.C. 2907.02, and one count of corruption of a minor, a violation of R.C. 2907.04, after entering a plea of no contest. After conducting a hearing, the trial court determined that Defendant was a sexual predator pursuant to R.C. 2950.09 and sentenced her to concurrent prison terms of three years and six months. Defendant timely appealed, raising one assignment of error for review.
ASSIGNMENT OF ERROR I
 The trial court's finding that [Defendant] was a sexual predator was against the manifest weight of the evidence.
Defendant has argued that the trial court's determination that she is a sexual predator was against the manifest weight of the evidence. We disagree.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In making this determination, the trial court must consider all relevant factors, including:
The offender's age;
 The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 Any mental illness or mental disability of the offender;
 The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2). This court applies the same standard in determining whether a sexual predator adjudication is against the manifest weight of the evidence as in reviewing a criminal conviction. See State v. Lawler (Dec. 15, 1999), Summit App. No. 19401, unreported, at 5. We must, therefore:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.
Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14, quoting State v. Shue (1994), 97 Ohio App.3d 459,466. This action is reserved for the exceptional case, where the judgment is "so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice[.]"Hardiman v. Zep Mfg. Co. (1984), 14 Ohio App.3d 222, 226, quotingRoyer v. Bd. of Edn. (1977), 51 Ohio App.2d 17, 20.
Dr. Michael S. Smith, a clinical psychologist employed with the Akron Family Institute, testified that he evaluated Defendant prior to her conviction to determine whether she was competent to stand trial. His diagnosis of Defendant included pedophilia, categorized as a major mental health disorder. This diagnosis was based on three criteria:
 The first criteri[on] is over a period of at least six months, the person has experienced intense sexual arousal, fantasies involving sexual behavior with a person age thirteen or younger.
 The second criteri[on] is that the fantasies or urges have to cause clinically significant distress in social, occupational or important areas of functioning.
 The third criteri[on] is the person is at least sixteen and at least five years older than the child.
Dr. Smith opined that the likelihood that pedophiles will continue to be sexually attracted to children is "[v]ery strong * * * something they will have for the rest of their life [sic]." He also emphasized that pedophilia is characterized by a significantly high rate of recidivism, even after an extended period of time. In addition, Dr. Smith noted that Defendant's relatively low I.Q. may impair her ability to respond to cognitive therapies, which are those most frequently used to treat pedophiles.
The record indicates that the court properly considered the factors enumerated in R.C. 2950.02(B)(2). The court noted that Defendant did not have a prior criminal record and that there were no indications that she used drugs or alcohol to impair the victim or that she displayed cruelty toward the victim. The court also observed, however, that Defendant appeared "to have a demonstrated pattern of at least sexual attraction to children" and that more than one child was involved in the incident that eventually led to her conviction.[1]
The fundamental issue in a sexual predator adjudication is whether the Defendant is likely to reoffend. See State v.Cartwright (Nov. 25, 1998), Lorain App. No. 97CA006782, unreported, at 7. This is not the exceptional case in which the evidence weighs heavily against Defendant's adjudication as a sexual predator. Accordingly, her assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY, FOR THE COURT
BAIRD, P.J., CARR, J., CONCUR.
[1] In reaching its determination, the trial court also relied on a presentence investigation report (PSI) prepared in anticipation of the hearing. At the conclusion of the sexual predator adjudication, the State requested that the court consider information contained in the PSI. Defendant did not object; however, it appears from the record that the PSI was not admitted into evidence at the hearing. The report has not been made a part of the record in this appeal.