DECISION AND JOURNAL ENTRY
Appellant-plaintiff William Paluch appeals two orders of the Summit County Court of Common Pleas that entered judgment for appellee-defendant Melissa Graham-Hurd upon the verdict of the jury, and denied Paluch's motion for judgment notwithstanding the verdict. This Court affirms.
 I.
In 1993, Paluch retained Attorney Graham-Hurd to represent him in a divorce action. On December 22, 1994, the Summit County Court of Common Pleas, Domestic Relations Division, issued a final divorce decree. Paluch directly appealed the decree to this Court, which was affirmed in part and reversed in part. Paluch v. Paluch (Dec. 20, 1995), Summit App. No. 17118, unreported. On March 29, 1996, Paluch filed suit against Graham-Hurd for legal malpractice. After mediation was unsuccessful, and after two occasions where counsel for Paluch withdrew, a jury trial commenced on January 12, 1999. On January 19, 1999, the jury returned a verdict in favor of Graham-Hurd.
On January 29, 1999, Paluch filed a motion for judgment notwithstanding the verdict. On February 11, 1999, the trial court denied Paluch's motion.
Paluch timely appeals, asserting three assignments of error.
 II. Assignment of Error I
 The trial court erred in denying Plaintiff-Appellant's motion for a new trial as Defendant-Appellee knowingly used false and misleading statements which are contradicted when compared to the evidence in the record.
 Assignment of Error II
 The trial court erred by failing to grant a directed judgment notwithstanding the verdict based upon the manifest weight of the evidence.
 The foregoing assignments of error are treated together as they raise similar issues of law and fact.
Paluch claims the jury verdict in favor of Graham-Hurd was against the manifest weight of the evidence, and that the trial court should have granted him a new trial or entered judgment in his favor notwithstanding the verdict. This Court disagrees.
In reviewing a manifest weight of the evidence claim, the standard is the same in criminal and civil cases. Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported. In conducting such a review, this Court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.
 Id., quoting State v. Shue (1994), 97 Ohio App.3d 459, 466. A finding that the verdict is against the manifest weight of the evidence is reserved for the exceptional case, where the judgment is "so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice[.]" Hardiman v. Zep Mfg. Co. (1984), 14 Ohio App.3d 222, 226, quoting Royer v. Bd. of Edn. (1977), 51 Ohio App.2d 17, 20. This Court has previously stated that a "reviewing court should not second-guess the trier of fact's conclusion as to the weight and credibility of the evidence presented." Howd v. Truett (July 8, 1998), Summit App. No. 18648, unreported.
As stated above, Paluch filed suit against Graham-Hurd for legal malpractice in a divorce case. Specifically, Paluch claimed that Graham-Hurd failed to make a proper record involving $8,500 in currency and failed to present the proper valuation of the marital home. At trial, Graham-Hurd presented an attorney well versed in domestic relations practice who opined that Graham-Hurd performed within the normal standard of care of a domestic relations attorney. Graham-Hurd also called opposing counsel from the divorce action, and counsel similarly concluded that Graham-Hurd performed competently at trial. Indeed, Paluch himself conceded on cross examination that Graham-Hurd did as she was asked during the conduct of the trial. The jury heard Paluch's claims and rejected them. This Court cannot conclude that based on this record Graham-Hurd was deficient during trial.
Paluch goes on to suggest, however, that Graham-Hurd committed malpractice by failing to file post-trial motions to set aside the verdict. Specifically, Paluch claims that the retainer agreement entered into by him and Graham-Hurd, though silent as to post-trial motions, bound Graham-Hurd to complete post-trial motions nonetheless. On this claim, Paluch is tilting at windmills since he can demonstrate no prejudice; ultimately, Paluch himself timely filed a motion for judgment notwithstanding the verdict. Accordingly, this claim does not amount to a basis upon which to set aside the jury's verdict.
Lastly, Paluch challenges the veracity of Graham-Hurd's expert witness. However, this Court recognizes that the trier of fact is in the best position to resolve the weight and credibility of the evidence. Howd,supra. Moreover, during trial Paluch had at his disposal the great engine of truth the cross-examination. The time to assail the veracity of a witness is by cross-examination at trial, not by brief on appeal. This Court cannot give judicial imprimatur to overturning a jury verdict based upon after the fact hand wringing by the losing party.
Upon review of the evidence, this Court cannot say that the jury clearly lost its way so as to produce a manifest miscarriage of justice. Therefore, the trial court properly denied Paluch's post-trial motions.
Paluch's first and second assignments of error are overruled.
Assignment of Error III
 The trial court erred by not instructing the jury on the entire law related to the case.
 In his third assignment of error, Paluch claims that the trial court improperly withheld instructions from the jury. Specifically, Paluch claims that: (1) the trial court should have instructed the jury regarding this Court's opinion in Paluch v. Paluch, supra, and (2) the trial court should have instructed the jury about "the law governing shared parenting calculation of child support pursuant to R.C. 3113.215(E)." This Court disagrees.
As a threshold matter, this Court notes that Paluch failed to object to any of the instructions proffered by the trial court. It is axiomatic that a party's failure to object to the trial court's instructions constitutes a waiver. Civ.R. 51(A); Gallagher v. Cleveland BrownsFootball Co. (1996), 74 Ohio St.3d 427, 436-437. Accordingly, Paluch's claims in his third assignment of error are deemed waived.
This Court proceeds then to examine Paluch's claims under the plain error standard. See Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 121.
 In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself. (Citations omitted.)
 Id. at syllabus. Here, Paluch invites this Court to find plain error over something that was not important enough for him to raise at trial below. This Court declines the invitation. "The plain error doctrine should never be applied to reverse a civil judgment simply * * * to allow litigation of issues which could easily have been raised and determined in the initial trial." Id. at 122. The opinion of Paluch v. Paluch, supra, did not squarely involve issues of attorney competence. The actual appeal from the divorce was not germane to establishing whether Graham-Hurd committed legal malpractice during the divorce proceeding. Moreover, issues relating to the proper calculation of child support could have been developed by Paluch in the instant case without regard to a specific instruction to the jury. This Court cannot conclude that but for the omitted instructions the basic fairness of the proceeding was affected. Accordingly, this Court finds no plain error.
Paluch's third assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.