DECISION AND JOURNAL ENTRY
Appellant Jon R. Short has appealed the judgment of the Summit County Court of Common Pleas finding in favor of appellee NAI/Jim Cummins Real Estate Inc. This Court affirms.
 I.
Appellant was the owner of certain commercial properties. On October 8, 1998, appellant entered into an Exclusive Right to Sell Agreement with appellee, which gave appellee the exclusive right to sell those properties for a period of twelve months.
Under the agreement, appellant was bound to refer all inquiries or potential buyers to appellee, so that appellee could represent appellant in such negotiations. The agreement also provided that in the event of a sale, appellant would pay commissions to appellee, even if appellant negotiated the sale himself. The contract further provided that if the property was sold by either party during the term of the agreement, or within six months after its expiration, to any buyer with whom either party had negotiations during the term of the agreement, appellant would pay appellee the designated commission fee.
Appellant sent appellee a letter, dated December 17, 1998, to inform appellee of his intention to exercise his right to cancel the contract. On December 18, 1998, appellee sent appellant a letter canceling the contract. The cancellation was authorized by the agreement which provided that appellant could cancel the contract with a thirty day written notice.
In January of 1999, appellant sold the properties to Charles Asente, who simultaneously transferred the property to Holland Oil. Appellant did not pay appellee any commission on the sale. Appellee filed an action for breach of contract, alleging that appellant had failed to refer Asente's name to appellee and failed to pay appellee commission, as appellant had negotiated with Asente while the contract was in effect.
The case was tried to the court. The trial court found that appellant had breached the Exclusive Right to Sell Agreement by failing to refer an interested potential purchaser to appellee, and in selling the property to that purchaser without paying appellee commission. Appellant filed a motion for a new trial, which the trial court denied.
Appellant has timely appealed, asserting two assignments of error.
 ASSIGNMENT OF ERROR I THE COURT ERRED TO DEFENDANT-APPELLANT'S PREJUDICE WHEN IT CONCLUDED THAT THE ACTIONS OF DEFENDANT-APPELLANT EFFECTIVELY BREACHED THE CONTRACT BETWEEN PLAINTIFF-APPELLEE AND DEFENDANT-APPELLANT.
 In his first assignment of error, appellant avers that the trial court's finding that appellant breached the contract by failing to identify a potential purchaser is against the manifest weight of the evidence. This Court disagrees.
In determining whether a civil judgment is against the manifest weight of the evidence, this Court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.
 Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, quoting State v. Shue (1994), 97 Ohio App.3d 459, 466. This action is reserved for the exceptional case, where the judgment is "so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice[.]" Hardiman v. Zep Mfg. Co. (1984), 14 Ohio App.3d 222, 226, quoting Royer v. Bd. of Edn.
(1977), 51 Ohio App.2d 17, 20.
In his brief, appellant admits that the potential buyer, Asente, had expressed an interest in the property, and that they had negotiated for the sale of the property, without involving appellee. Appellant only disputes the trial court's finding that this conduct occurred while the Exclusive Right to Sell Agreement was in effect.
The trial court's judgment is presumed to be correct, and where there is competent, credible evidence to support each essential element of the case, this Court will not reverse the trial court. See C.E. Morris Co.v. Foley Constr. Co. (1978), 54 Ohio St.2d 279. The credibility and weight applied to the evidence is committed to the judgment of the finder of fact, and cannot be reversed on appeal. See Seasons Coal v. City ofCleveland (1984), 10 Ohio St.3d 77.
Asente testified that in November of 1998, appellant had asked him if he was interested in buying the property. Asente responded that he would "if the price was right." He also testified that because the price was high, he instructed his attorney to approach Holland Oil about financing the purchase after he had asked appellant for the price of the property. Two Holland Oil officers testified that Asente's attorney called them concerning this matter on December 3, 1998, when the Exclusive Right to Sell Agreement was in effect. The officers testified that Asente's attorney informed them that Asente had been approached by appellant about buying the property, and that the asking price was either $725,000.00 or $750,000.00. Therefore, the trial court could have concluded that because Asente had determined the sale price prior to the telephone call between his attorney and Holland Oil, appellant had discussed the matter with Asente in November of 1998, when the agreement was in effect.
This Court finds that the trial court's judgment is supported by competent, credible evidence, and that the judgment is not against the manifest weight of the evidence. Accordingly, appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II THE COURT ERRED TO DEFENDANT-APPELLANT'S PREJUDICE IN AWARDING PLAINTIFF-APPELLEE DAMAGES IN THE AMOUNT OF FORTY-NINE THOUSAND SEVEN HUNDRED DOLLARS ($49,700.00), THE FULL SEVEN PERCENT OF THE SALE PRICE OF THE PROPERTY AS ITS BROKER'S FEE.
 In his second assignment of error, appellant asserts that the damage award is against the manifest weight of the evidence. This Court disagrees.
The agreement provided that appellant would pay appellee a fee of seven percent (7%) of the sale price if the property sold according to the terms of the agreement. Paragraph seven of the contract also provided that if the property was sold by either party during the term of the agreement, or within six months after its expiration, to any buyer with whom either party had negotiations during the term of the agreement, appellant would pay appellee "the full fee designated herein for [appellee's] services."
On appeal, appellant claims that appellee is not entitled to the full seven percent interest because he himself sold the property, and therefore, the commission fee should be split. Appellant never raised this issue in the trial court. Appellant did not introduce any evidence, or elicit any testimony concerning the interpretation of paragraph seven of the Exclusive Right to Sell Agreement. Therefore, he is precluded from raising the issue on appeal; a party cannot ignore an issue of contract interpretation at trial and then on appeal, ask for a reversal on that basis. See State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus (holding that issues not raised in the trial court are waived).
Appellant's second assignment of error is overruled.
 II.
The judgment of the Summit County Court of Common Pleas is affirmed.
 —
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ DONNA J. CARR
SLABY, P. J., WHITMORE, J., CONCUR