DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Perry R. Cartwright, appeals from the decision of the Summit County Court of Common Pleas which labeled him a sexual predator. We affirm.
 {¶ 2} On February 5, 2004, Defendant pleaded guilty to one count of gross sexual imposition. Following a hearing, the trial court found that he was a sexual predator and sentenced him to one year incarceration. Defendant timely appealed, raising one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred in determining that [Defendant] should be classified as a sexual predator pursuant to [R.C.] 2950.09."
 {¶ 3} In his only assignment of error, Defendant argues that the trial court erred in classifying him a sexual predator. Specifically, Defendant contends that the evidence offered at the sexual predator hearing did not support the finding that he was likely to re-offend. Defendant further opines that the record was devoid of any evidence tending to support the statutory factors under R.C. 2950.09. We disagree.
 {¶ 4} Under R.C. 2950.01(E), the definition of sexual predator includes an individual who has pleaded guilty to committing a sexually oriented offense and "is likely to engage in the future in one or more sexually oriented offenses." When classifying an individual as a sexual predator, the trial court must consider all relevant factors, including those enumerated in R.C. 2950.09(B)(3). While the trial court is required to consider every statutory factor, the court need not find that every factor applies in order to determine that an individual is a sexual predator. State v. Smith (June 2, 1999), 9th Dist. No. 18622, at 5. The trial court's determination must be supported by clear and convincing evidence. State v. Bolyard, 9th Dist. No. 20801, 2002-Ohio-2203, at ¶ 10.
 {¶ 5} This Court will overturn a sexual predator determination only upon a finding that the trial court's decision was clearly erroneous. State v. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶ 6. As long as some competent, credible evidence supports the classification, we must affirm the court's decision. Id. In other words, reversal is reserved for exceptional cases where a judgment is so contrary to all reasonable inferences which could be drawn from the evidence that the result is a "complete violation of substantial justice[.]"Shepherd v. Freeze, 9th Dist. No. 20879, 2002-Ohio-4252, at ¶ 8, quoting Royer v. Bd. of Edn. (1977), 51 Ohio App.2d 17, 20.
 {¶ 6} Defendant in this case pleaded guilty to gross sexual imposition, in violation of R.C. 2907.05(A)(4), which is a sexually oriented offense. R.C. 2950.01(D)(1)(a). Evidence at the hearing showed the following with regard to the relevant R.C.2950.09(B)(3) factors: Defendant was 21 years old when he committed the instant offense (R.C. 2950.09(B)(3)(a)); Defendant had a prior conviction for corruption of a minor for which he was adjudicated a registered sexual offender (R.C. 2950.09(B)(3)(b)); Defendant was also adjudicated delinquent as a juvenile for an additional incident of gross sexual imposition and was sent to a sex offender specific institution for juveniles where he participated in a sexual offender treatment program (R.C.2950.09(B)(3)(f)); Defendant did not suffer from any metal disability or illness (R.C. 2950.09(B)(3)(g)); The victim in this case was Defendant's 11 year old neighbor (R.C. 2950.09(B)(3)(c)) who he, on more than one occasion, touched in the breast and vaginal areas (R.C. 2950.09(B)(3)(h); Further, Defendant, in violation of his parole, associated with another sexual offender, an act which the trial court indicated had "a tendency to incur the behaviors that resulted in the criminal action initially" (R.C. 2950.09(B)(3)(j)).[1]
 {¶ 7} In addition to these factors, this Court has previously noted that:
"overwhelming statistical evidence support[s] the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. * * * The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." (Citations omitted.) State v. Austin (Nov. 21, 2001), 9th Dist. No. 20554, at 6.
Multiple offenses involving young victims may, in and of themselves, support a sexual predator classification. See Statev. Linton (Sept. 29, 1999), 9th Dist. No. 19170, at 17-18.
 {¶ 8} After reviewing the evidence in the record, we cannot say that the decision of the trial court classifying Defendant a sexual predator was clearly erroneous. The finding that Defendant is likely to re-offend is supported by competent, credible evidence. Accordingly, we overrule Defendant's assignment of error.
 {¶ 9} We overrule Defendant's assignment of error, and affirm the judgment of the Summit County Court of Common Pleas.
Judgment affirmed
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Batchelder, J., concur.
[1] We also recognize that other factors weigh in Defendant's favor: he did not use drugs or alcohol to impair his victim; he made no threats of cruelty or display of cruelty; and his current act did not involve multiple victims, though he had been convicted and adjudicated delinquent on similar charges with minors.