JOHN M. SEWELL v. BOARD OF EDUCATION OF DEFIANCE UNION SCHOOL AND LEM. T. CLARK.

1. Boards of education are authorized by law to adopt and enforce necessary rules and regulations for the government of the schools under their management and control.

2. Where instruction in rhetoric was given in any grade or department of such schools, and one of the rules adopted by the board for the government of the pupils therein provided that if any pupil should fail to be prepared with a rhetorical exercise, at the time appointed therefor, he or she should, unless excused on account of sickness or other reasonable cause, be immediately suspended from such department: *Held*, that such rule was reasonable.

3. Where the teacher of such department, with the consent of the board, for a failure to comply with the rule, or to offer any excuse therefor, suspended a pupil, until he should comply with the rule, or offer a reasonable excuse for his non-compliance, neither the board of education nor the teacher is liable in damages therefor.

ERROR. Reserved in the District Court of Defiance county.

This action was commenced in the court of common

pleas of the county named, on the twenty-third day of November, 1871, to recover damages of the defendants for wrongfully excluding the plaintiff's son, Andrew, aged thirteen years, from a school established in the town of Defiance, under the act known as the "Akron school law," and which school was under the management and control of the defendant, the board of education, and of Lem. T. Clark, as superintendent and principal teacher.

The defendants answered jointly, setting out specifically, in their third ground of defense, the powers and duties of the board of education, under the act named, and averring that, under the powers conferred by the act, the board of education adopted a rule for the government of the pupils in the grammar department of the schools of the town, which provided that if any pupil should fail to be prepared with a rhetorical exercise, at the time appointed therefor, he or she should be immediately suspended from such department, unless excused from complying therewith, on account of sickness or other reasonable cause ; that Andrew Sewell, the son of the plaintiff, was a pupil in the grammar department, and was not, on the first day of November, 1871, the time appointed therefor, prepared with a rhetorical exercise, and refused to prepare such exercise or to offer any excuse therefor, whereupon the defendant, Lem. T. Clark, as superintendent and teacher of that department, with the consent and approval of the board, suspended him therefrom, until he should comply with the rule, or render a reasonable excuse to the board for his non-compliance ; that the rule was reasonable, and deemed by the board necessary for the welfare of the grammar department ; and that the action of the defendants in the premises was in their official capacity. The defendants, further answering, denied all and singular the allegations of wrongful and unlawful action or injury, as set out in the petition.

The plaintiff demurred to the answer, on the ground that it did not state facts sufficient to constitute a defense to the action of the plaintiff, which was overruled by the court,

and judgment rendered in favor of the defendant for costs, to which ruling and judgment the plaintiff excepted.

On a petition in error, filed by the plaintiff in the district court, to reverse the judgment of the court of common pleas, the cause was reserved to this court.

*William Carter* and *Hill & Myers*, for plaintiff in error.

*Henry Newbegin*, for defendant in error, claimed that the board was authorized to adopt and enforce the rule in question, and that neither the board nor the teacher were liable in damages therefor. *Board of Education* v. *Minor*, 23 Ohio St. 211; *Stewart* v. *Southard*, 17 Ohio, 402; *Donahue* v. *Richards*, 38 Maine, 378; *Hodgkins* v. *Rockport*, 105 Mass. 475; *Downer* v. *Lent*, 6 Cal. 94; *Hines* v. *Lockport*, 50 N. Y. 236; *Mills* v. *Brooklyn*, 32 N. Y. 489; *Matter of Church Street*, 49 Barb. 455; *Jordon* v. *Hanson*, 49 N. H. 199; *Gregory* v. *Burke*, 37 Conn. 365; 26 Wis. 393; 48 Mo. 253; *Wilson* v. *Mayor*, 1 Den. 599; *Kendall* v. *Stokes*, 3 How. (U. S.) 87.

REX, J. The act under which the common schools of the town of Defiance were organized, gives to the board of education of the town the entire control and management thereof; authorizes the board to make and enforce all necessary rules and regulations for the government of teachers and pupils therein, and to determine " the various studies and parts of study " in which instruction shall be given in the several departments thereof.

The act does not direct how, or in what manner, the rules and regulations which the board may adopt for the government of the schools under its care and management shall be enforced, but leaves the whole subject of the making of such rules and their enforcement to the judgment and sound discretion of the board. The rule in question, for the enforcement of which, in the manner stated, damages are claimed by the plaintiff in this action, was, in our opinion, reasonable.

The pupil having failed to comply with the rule, the teacher in excluding him from the school until he should comply with it or offer a reasonable excuse to the board for his non-compliance, acted under the authority of and with the consent of the board, and the action of the defendants in the premises having been, as they aver in their answer, in their judgment, for the best interests and welfare of the school, they are not liable in damages to the plaintiff therefor.

It follows, therefore, that the court of common pleas did not err in overruling the demurrer of the plaintiff to the answer of the defendants, and its judgment must be affirmed.

*Judgment affirmed.*