DECISION AND JOURNAL ENTRY.
{¶ 1} Appellant, Grant Kimball, appeals from the judgment of the Lorain County Court of Common Pleas that granted the motion for summary judgment of Appellee, Keystone Local School District Board of Education ("Board"). We affirm.
 I. {¶ 2} On December 7, 2001, Mr. Kimball filed a complaint for a declaratory judgment as a result of his belief that the Board's administrative policies relating to extracurricular activities infringed upon his court-ordered visitation rights with his daughter, Cassandra. He later amended his complaint to include those incidents that have interfered with his court-ordered visitation rights with Cassandra subsequent to his filing of the original complaint. Thereafter, Mr. Kimball moved for a preliminary injunction to enjoin and restrain the Board from "further interference with [his] court-ordered visitation rights with his daughter[.]" The trial court denied his motion. Appellees then moved for summary judgment, and the trial court granted this motion. This appeal followed.
 II. {¶ 3} Mr. Kimball asserts two assignments of error. We will address each in turn.
 A. First Assignment of Error
"The trial court erred in granting defendant's motion to dismiss pursuant to [Civ.R.] 56(C)."
 {¶ 4} In his first assignment of error, Mr. Kimball avers that the trial court erroneously granted summary judgment in favor of the Board. We disagree.
 {¶ 5} Pursuant to Civ.R. 56(C), summary judgment is appropriate when:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 6} To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. If the movant satisfies this burden, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial[.]" Id. at 293, quoting Civ.R. 56(E). An appellate court reviews a lower court's entry of summary judgment applying the de novo standard, thereby employing the same standard used by the trial court. See Klingshirn v.Westview Concrete Corp. (1996), 113 Ohio App.3d 178, 180.
 {¶ 7} R.C. 3313.20(A) and 3313.47 provide a board of education with the authority to enact policies which are necessary to govern its schools and students. See Greco v. Roper (1945), 145 Ohio St. 243, paragraph one of the syllabus. Generally, the board of education retains the discretion to determine what type of policies to enact within the district. Barno v. Crestwood Bd. of Edn. (1998), 134 Ohio App.3d 494,502. Nevertheless, any policy enacted by a board of education must be reasonable. Id., citing Sewell v. Bd. of Edn. (1876), 29 Ohio St. 89, 91
and Royer v. Bd. of Edn. (1977), 51 Ohio App.2d 17, 19 and Jacobs v.Benedict (1973), 39 Ohio App.2d 141, 145.
"The statutes of the state relating to education which give control and management of the public schools to the boards of education of the several districts, authorize such boards to establish rules and regulations for the government of the schools, and, so far as rules so established are reasonable, and fairly calculated to insure good government and promote the ends of education, [they] will be sustained by the courts." Bd. of Edn. of Sycamore v. State ex rel. Wickham (1909),80 Ohio St. 133, paragraph two of the syllabus.
 {¶ 8} As such, the courts will not interfere with a policy enacted by a board of education unless it is unreasonable, an abuse of its discretion, or a violation of law. Morgan v. Bd. of Edn. (1993),90 Ohio App.3d 627, 631-632, quoting Royer, 51 Ohio App.2d at 19. When determining whether a board of education policy is "unreasonable," the courts need not confine their review to the narrow patterns of logic that have evolved in regard to case law interpreting specific constitutional provisions. Barno, 134 Ohio App.3d at 503. Rather, a board of education's policy "must be evaluated by the standards of ordinary common-sense, tempered with judicial experience, and guided by considerations of public policy manifested in relevant statutory, administrative, and decisional law." Id.
 {¶ 9} Mr. Kimball challenges the validity of two policies enacted by the Board: (1) the policy mandating students to travel in school transportation to and from athletic events; and (2) the policy mandating attendance at all athletic events and practices. For purpose of review, we will address each policy separately.
1. Policy mandating students to travel in school transportation to and from athletic events
 {¶ 10} The Board's policy reads, in relevant part, "we come as a team, we leave as a team[.]" Although the Board's policy requires students participating in athletic events to travel to and from these events in transportation provided by the school district, there are exceptions to the policy. In particular, the policy provides that alternative transportation is "strongly discouraged[;]" however, it is permitted "[i]n exceptional or emergency cases" with "specific permission from the Superintendent[.]"
 {¶ 11} After carefully reviewing the policy at issue, we cannot find that the Board was unreasonable, abused its discretion, or violated the law by enacting this policy. See Morgan, 90 Ohio App.3d at 631-32. Specifically, this policy increases the school's ability to ensure the safety of its students by providing a means to transport students. Therefore, students, as inexperienced drivers, will not need to drive themselves to the event or find alternative means of transportation. Furthermore, it alerts faculty members and coaches of missing students, as "roll call" is ordinarily taken prior to departure. Finally, requiring students to uniformly arrive and depart in school transportation will build team unity and camaraderie, which is an essential element of success both in and out of school.
2. Policy mandating attendance at all athletic events and practices
 {¶ 12} We now turn to the Board's policy requiring attendance at all athletic events and practices. Participation in athletics plays an important role in the development of the students. Accordingly, the Board has a significant interest in administering these programs effectively. We find the Board's policy not only promotes attendance at practices and events, but instills a sense of teamwork within the students and an appreciation of their responsibility to the team. Therefore, this policy is neither unreasonable nor a violation of law, and the Board has not abused its discretion by enacting such policy.
 {¶ 13} Viewing the evidence in the light most favorable to Mr. Kimball, we find that the trial court properly determined that the Board's policies are reasonable and entitled to judgment as a matter of law on this basis. Consequently, Mr. Kimball's first assignment of error is overruled.
 B. Second Assignment of Error
"The trial court erred in denying plaintiff's motion for preliminary injunction pursuant to [Civ.R.] 65(B)."
 {¶ 14} In his second assignment of error, Mr. Kimball contends that the trial court erroneously denied his motion for a preliminary injunction. Further, he contends that the trial court failed to file its findings of fact and conclusions of law regarding its denial of his motion. Mr. Kimball's contentions lack merit.
 {¶ 15} In light of our determination that the Board was entitled to summary judgment, we find this assignment of error moot. See Zimmermanv. Summit Cty. (Jan. 15, 1997), 9th Dist. No. 17610 (concluding that as the appellee was entitled to summary judgment, the appellant's assignment of error alleging the trial court erred in denying his motion for preliminary injunction was moot). See, also, Hemberger v. LaBrae Bd. ofEdn. (Dec. 5, 1997), 11th Dist. No. 96-T-5567 (stating that when a connection exists between issues in a complaint and a motion for preliminary injunction, the issue of the preliminary injunction becomes moot on appeal where the trial court properly granted summary judgment). Accordingly, Mr. Kimball's second assignment of error is overruled.
 III. {¶ 16} Mr. Kimball's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the, County of, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
SLABY, P.J., concurs.
CARR, J., concurs.